IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JENNIFER ZAMORA,                        )        2:09-CV-01292-JAM-EFB
                                        )
            Plaintiff,                  )        ORDER DENYING MOTION FOR
                                        )           SUMMARY JUDGMENT
      v.                                )
                                        )
JANET NAPOLITANO, SECRETARY OF          )
THE DEPARTMENT OF HOMELAND              )
SECURITY *and* GALE ROSSIDES,           )
ASSISTANT SECRETARY; ACTING             )
ADMINISTRATOR OF THE                    )
TRANSPORTATION SECURITY                 )
ADMINISTRATION; THE UNITED              )
STATES OF AMERICA *and* DOES 1-         )
20,                                     )
                                        )
            Defendants.                 )
_____/

      Jennifer Zamora ("Plaintiff") brought this action against

Janet Napolitano, Secretary of the Department of Homeland

Security ("DHS"), Gale Rossides, Assistant Secretary of the DHS,

and the Acting Administrator of the Transportation Security

Administration (collectively "Defendants") for violations of 42

U.S.C. § 2000e et seq. ("Title VII") and several state law claims.  Defendants filed a Motion for Summary Judgment on June 24, 2009 (Docket #17).  Defendants argue that they are entitled to relief because Plaintiff's Title VII claim is time barred or, alternatively, because the claim is barred by the doctrine of laches.  Plaintiff opposed the Motion (Docket #18).  A hearing on the Motion was held in this court on July 29, 2009.

        For the following reasons, Defendants' Motion is DENIED.

                    FACTUAL AND PROCEDURAL BACKGROUND

        In 2003, Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment and a hostile work environment by her supervisor at the Transportation Security Administration ("TSA").  Plaintiff withdrew the EEOC administrative complaint in May of 2006 and filed suit in federal court asserting Title VII claims in early 2007.  See Zamora v. Dept. of Homeland Security, Case No. 2:07-cv-00023 ("Zamora I").  Zamora I was initially dismissed as untimely.  However, the Court later reinstated the complaint because Plaintiff never received a right to sue letter from the EEOC informing her of the 90-day time bar on filing Title VII claims.  In March 2009 the Court dismissed Zamora I without prejudice, holding that Plaintiff failed to assert a claim against the proper defendants.

                                    2

Plaintiff filed the present action ("Zamora II") in Sacramento County Superior Court in April 2009.  The complaint asserts the same claims as Zamora I, adds two new claims under California state law, and names a proper defendant, Janet Napolitano as Secretary of the DHS.  Zamora II was removed to this Court on May 8, 2009.

Defendants now move for summary judgment, alleging that Plaintiff's Title VII claim under the Civil Rights Act of 1964 is time barred and, in the alternative, that the Title VII claim is barred under the doctrine of laches.  Plaintiff opposes the motion.

OPINION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The purpose of summary judgment "is to isolate and dispose of factually unsupported claims and defenses."  Celotex v. Catrett, 477 U.S. 317, 323-324 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial.  Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 248-49 (1986).  If the moving party meets its burden, the burden of

production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'"  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e) and citing Celotex, 477 U.S. at 323).  The Court must view the facts and draw inferences in the manner most favorable to the non-moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

A.   The Statute of Limitations

A government employee filing a Title VII action pursuant to 42 U.S.C. § 2000e-5 must file that action "[w]ithin 90 days of receipt of notice of final action" taken by the relevant agency or the EEOC, or after 180 days "from the filing of the initial charge" if the agency or the EEOC fails to take any action on the matter.  42 U.S.C. § 2000e-16(c).

Defendants argue that Plaintiff received sufficient notice of final action during the litigation of Zamora I, thus triggering the 90 day limitations period of section 2000e-16(c), and that Plaintiff failed to file a complaint in Zamora II until almost one year after receiving that notice.  Docket # 17, 6:3-14; Docket # 23, 4:15-16.  Defendants cite a footnote in the Ninth Circuit's opinion in Missirilian v. Huntington Memorial Hospital, 662 F.2d 546 (9th Cir. 1981), to argue that the

4

Court's April 15, 2008 Order dismissing Zamora I constituted a "clear indication" of the commencement of the 90 day period. Footnote 6 of the Ninth Circuit's decision in Missirilian notes that a right to sue letter is not the only possible form of notice sufficient to commence the 90 day period. Missirilian, 662 F.2d at 550 n.6. Notice is sufficient where a Title VII plaintiff receives "a *clear indication* of when the ninety-day period commences." Id. at 550 (emphasis added).

Not only has Plaintiff still not received a right to sue letter from the EEOC, but this Court's April 15, 2008 Order was not a "clear indication" of the commencement of the 90 day period. Defendants do not point to any specific text within the April 15, 2008 Order that would provide such "clear indication." See Docket # 17, 5:2-6:18. The April 15, 2008 Order merely reinstated Zamora I, after it had been dismissed as untimely, because the Court discovered that the EEOC had failed to deliver a notice to sue letter to Plaintiff. Nowhere did the Order specifically or clearly advise Plaintiff that the 90 day period would commence immediately or that the Order would serve to replace a notice to sue letter. Contrary to Defendants' assertion that Plaintiff "unquestionably knew" of the commencement of the 90 day limitations period, Plaintiff has never received any proper notice that specifies the date by which she must file suit on her claims.

As such, Defendants' Motion is DENIED with regards to the statute of limitations for a Title VII claim.

B.   <u>The Doctrine of Laches</u>

A district court has the discretionary authority to bar an action where "a party's unexcused or unreasonable delay has prejudiced his adversary." <u>Boone v. Mechanical Specialties Co.</u>, 609 F.2d 956, 958-59 (9th Cir. 1979) (citing <u>International T. & T. Corp. v. General T. & E. Corp.</u>, 518 F.2d 913, 926 (9th Cir. 1975)).  The doctrine of laches protects against difficulties caused by "unreasonable delay in bringing an action, not against problems created by the pendency of a lawsuit after it is filed." <u>Id.</u> at 958.

Defendants argue that the passage of time since the alleged harassment back in 2003, combined with Plaintiff's "lack of diligence and gross procedural error," justify the motion for summary judgment.  Docket at 17, 6:25-28.  In support of their argument, Defendants cite delay during the administrative action, delay in filing <u>Zamora I</u> after withdrawing the administrative complaint, the failure to sue a proper defendant in <u>Zamora I</u>, delay in filing <u>Zamora II</u>, and the loss of availability of witnesses due to these delays.  <u>Id.</u> at 7:2-8:27.

Defendants fail to show that Plaintiff's actions have resulted in Defendants suffering substantial prejudice.  Indeed, as this Court noted in its June 5, 2008 Order denying

Defendants' motion to dismiss, Defendants have contributed to the delay in the resolution of the dispute.  See Zamora I, Docket at 28, 6:13-23 ("This Court . . . finds that Defendants contributed to the five year delay of which they now complain by unnecessarily delaying the resolution of Zamora's administrative claim.")  Moreover, Plaintiff's alleged delay in filing Zamora I was recognized by this Court as partly a result of the EEOC's failure to issue a right to sue letter.  See Zamora I, Docket at 31.  The delay in filing Zamora II occurred under similar circumstances.  While Plaintiff has caused some delay in the action by failing to sue the appropriate defendants, this delay does not rise to such an unreasonable level so as to move this Court to grant summary judgment in Defendants favor.

As such, Defendants' Motion is DENIED with regards to the doctrine of laches.

### III. ORDER

For the reasons set forth above, Defendants' Motion is DENIED. The parties are ordered to file a Joint Status Report as required by the Court's previous Order (Docket #2) on or before August 25, 2009.

IT IS SO ORDERED.

DATED: August 5, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7