IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JENNIFER ZAMORA,

        Plaintiff,                               No. CIV S-09-1292 JAM EFB

        vs.

JANET NAPOLITANO, et al.,

                                     ORDER

        Defendants.

_____/

On May 4, 2010, the undersigned held a hearing in chambers regarding the stipulation and proposed protective order filed by the parties on April 29, 2010. Dckt. No. 39. Jennifer Gregory appeared at the hearing on behalf of plaintiff; Jason Ehrlinspiel appeared on behalf of defendants.

As discussed at the May 4, 2010 hearing, the parties' proposed protective order will not be signed at this time. The proposed protective order seeks to limit the disclosure of certain requested information to specific, identified persons, and also seeks a court order pursuant to 5 U.S.C. § 552a(b)(11) authorizing the disclosure of information that may be protected by the Privacy Act.[1] *See* Dckt. No. 39 at 4 ("Upon approval of this Stipulation and Protective Order,

---

[1] At the hearing, the undersigned indicated that he would consider signing the protective order portion of the parties' filing at this time, and address the § 552a(b)(11) portion of the filing once the relevance and notice issues discussed below are addressed. However, the parties indicated

1

1 under the authority of the Court conferred by Rule 26(c) of the Federal Rules of Civil Procedure
2 and 5 U.S.C. § 552a(b)(11), such production will not be contrary to the Privacy Act."). Among
3 the requested information sought to be covered by the protective order and the order under
4 § 552a(b)(11) are documents contained within former defendant Loren Ishii's personnel and
5 disciplinary files and documents regarding former Transportation Security Administration
6 ("TSA") employee Christina Arellano.[2] Dckt. No. 39 at 2-3.

7    Section 552a(b) provides: "No agency shall disclose any record which is contained in a
8 system of records by any means of communication to any person, or to another agency, except
9 pursuant to a written request by, or with the prior written consent of, the individual to whom the
10 record pertains, unless disclosure of the record would be – . . . (11) pursuant to the order of a
11 court of competent jurisdiction . . . ." Although neither § 552a nor its legislative history
12 specifies the standards for issuance of a court order under § 552a(b)(11), courts issuing such
13 orders typically do so only upon a finding that the documents to be disclosed are relevant, and
14 often also impose a requirement that the individual being affected by the disclosure be given
15 notice. *See Laxalt v. McClatchy*, 809 F.2d 885, 889, 890 (D.C. Cir. 1987) ("Procedurally, then,
16 when the District Court considers a request for a Privacy Act order in the discovery context it
17 must consider the use of protective orders and the possibility of in camera inspection. It should
18 also consider, in its discretion, the wisdom of notifying the affected parties."); *Hassan v. United
19 States*, 2006 WL 681038, at *2 (W.D. Wash. Mar. 15, 2006) ("Even where information is subject
20 to the protections of the Privacy Act of 1974, 'a party can invoke discovery of materials
21 protected by the Privacy Act through the normal discovery process and according to the usual
22 discovery standards, the test of discoverability is the relevance standard of Rule 26(b)(1) of the
23 
_____

24 at the hearing that it would be more prudent for the court to address the matters at the same time.

25    [2] The document requests addressed in the proposed protective order also seek information from other "TSA employees." However, at the May 4, 2010 hearing, defendants' counsel indicated
26 that the responsive documents only implicate Privacy Act concerns regarding Ishii and Arellano.

[Federal Rules of Civil Procedure].'"); *Perry v. State Farm Fire & Cas. Co.,* 734 F.2d 1441, 1447 (1984) ("Under 5 U.S.C.A. § 552a(b), government agencies can release information about individuals only under certain circumstances.  Release is allowed when a court of competent jurisdiction so orders. . . .  Requests for court orders under § 552a(b)(11) should be evaluated by balancing the need for the disclosure against the potential harm to the subject of the disclosure.").

    Here, although many of the document requests addressed in the proposed protective order appear relevant to plaintiff's claims, the proposed protective order does not address the relevance of the requests at issue, and it is impossible for the court to discern, without further information, whether the documents that would be responsive to those requests and that would be covered by the Privacy Act, are in fact relevant.  Additionally, the proposed protective order does not indicate whether either Ishii or Arellano was provided notice of the document requests at issue or the parties' proposed protective order seeking an order under § 552a(b)(11).  Defendants' counsel indicated at the May 4, 2010 hearing that Ishii was aware of the proposed protective order and the document requests at issue, but counsel for plaintiff and defendants both acknowledged that Arellano had not received any notice in this action.[3]

    Accordingly, plaintiff will be directed to serve, on or before May 24, 2010, a copy of the parties' proposed protective order, Dckt. No. 39, as well as a copy of this order, on both Ishii and Arellano.  If either Ishii or Arellano opposes the court's approval of the proposed protective order, including the order for disclosure of documents under § 552a(b)(11), he or she may file an opposition to that proposed protective order on or before June 7, 2010.  Also by June 7, 2010, plaintiff shall file a declaration indicating her efforts to effect service on Ishii and Arellano and addressing the relevance of the document requests covered by the proposed protective order.

---

[3] Plaintiff's counsel indicated that she has been unable to provide notice to Arellano because plaintiff does not have Arellano's contact information, and defendants' counsel agreed to attempt to locate that information and, if such attempts are successful, to provide the information to plaintiff.

3

Additionally, plaintiff's counsel indicated at the May 4, 2010 hearing that plaintiff intended to withdraw her currently pending motion to compel defendants to produce documents, Dckt. No. 38, upon the court's approval of the proposed protective order. Therefore, the hearing on that motion to compel, which is currently scheduled for May 19, 2010, will be continued to June 23, 2010. If no opposition is filed by Ishii or Arellano on or before June 7, 2010, the hearing on the motion will be vacated and the matter submitted for decision together with the stipulated request for a protective order.

Accordingly, IT IS ORDERED that:

1. Plaintiff shall serve, on or before May 24, 2010, a copy of the parties' proposed protective order, Dckt. No. 39, as well as a copy of this order, on both Ishii and Arellano.

2. On or before June 7, 2010, either Ishii or Arellano may file an opposition to the court's approval of the proposed protective order, including the order for disclosure of documents under 5 U.S.C. § 552a(b)(11).

3. On or before June 7, 2010, plaintiff shall file a declaration indicating her efforts to effect service on Ishii and Arellano and addressing the relevance of the document requests covered by the proposed protective order.

4. If either Ishii or Arellano files an opposition to the proposed protective order, either plaintiff or defendants may file a response thereto on or before June 14, 2010.

5. Plaintiff's motion to compel defendants to produce documents, Dckt. No. 38, is continued to June 23, 2010 at 10:00 a.m. in Courtroom No. 24.

DATED: May 4, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4