Jennifer S. Gregory - 228593
ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ecplslaw.com
rpoirier@ecplslaw.com
jgregory@ecplslaw.com

Attorneys for
PLAINTIFF JENNIFER ZAMORA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JENNIFER ZAMORA, | Case No.: 2:09-CV-1292-JAM-EFB |
|---|---|
| Plaintiff,, | **DECLARATION OF JENNIFER S. GREGORY REGARDING SERVICE OF STIPULATION AND PROPOSED PROTECTIVE ORDER, AND MAY 5, 2010 ORDER, AND RELEVANCE OF DOCUMENTS SUBJECT TO PROTECTIVE ORDER** |
| v. | |
| JANET NAPOLITANO, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; GALE ROSSIDES, ASSISTANT SECRETARY/ACTING ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION; LOREN ISHII; and DOES 1-20, | |
| Defendants. | |

I, Jennifer S. Gregory, declare:

1. I am an attorney at law licensed to practice in this jurisdiction. I am an associate with the firm of Ellis, Coleman, Poirier, LaVoie & Steinheimer LLP, attorneys of record for Plaintiff JENNIFER ZAMORA.

2. The facts referred to and stated are true and correct and based upon my own personal knowledge. If called as a witness I could and would completely testify thereto.

3. At the May 4, 2010 hearing in chambers, as well as the May 5, 2010 Order, the Court directed Plaintiff to a declaration indicating her efforts to effect service on Ishii and Arellano and addressing the relevance of the document requests covered by the Stipulation and Proposed Protective

- 1 -

DECLARATION OF JENNIFER S. GREGORY REGARDING SERVICE OF STIPULATION AND PROPOSED ORDER, AND ORDER, AND RELEVANCE OF DOCUMENTS SUBJECT TO PROTECTIVE ORDER

Order (Docket #39). The following sets forth the requested information.

4. <u>SERVICE OF DOCUMENTS</u>: Plaintiff's process server made several attempts to personally serve both Loren Ishii and Christina Arellano with the Stipulation and Proposed Protective Order, as well as the Court's My 5, 2010 Order, using the last known address provided by Defendants' counsel. After a due and diligent effort, Plaintiff's process server attached the documents to the front door of both Mr. Ishii and Ms. Arrellano's residences, and also mailed copies to each of them. (See Exhibits A and B, attached hereto.)

In addition, Plaintiff's counsel sent the Stipulation and Proposed Protective Order, as well as the Court's My 5, 2010 Order, via certified mail using the last known address provided by Defendants' counsel. (See Exhibit C.) To date, Plaintiff's counsel has not received the signed return card.

5. <u>RELEVANCE OF REQUESTED DOCUMENTS SUBJECT TO THE PROTECTIVE ORDER</u>: Plaintiff provides the following background explaining the relevance of the documents contained in the Stipulation and Proposed Protective Order:

A. Factual Background

This case stems from the severe and pervasive sexual harassment, discrimination, and retaliation Plaintiff Jennifer Zamora faced at the hands of her Supervisor, Loren Ishii. In 2002, Plaintiff, Jennifer Zamora was hired as a security screener for Defendant Janet Napolitano, Secretary of the Department of Homeland Security, through Defendant Transportation Security Administration ("TSA"). While working for the TSA, Plaintiff was subjected to sexual harassment by her immediate supervisor, Loren Ishii. The harassment included unwanted touching, inappropriate personal comments, solicitations from him to become romantically involved, favoritism of Plaintiff over other employees, expressions of affection outside of business norms, both in person and in writing, and demands that Plaintiff spend personal time with him, for no business purpose, away from the office and outside of normal business hours

<u>Plaintiff is informed that during Plaintiff's employment, several other employees complained to TSA management about Ishii's conduct, but no action was taken. One of those employees is Christina Arellano, who Plaintiff is informed filed a written complaint about Ishii's conduct towards her.</u> When Plaintiff also complained to management at the TSA about Ishii's harassment and requested that it stop

- 2 -

immediately, no action was taken. As a result of her and others' complaints, the inappropriate harassment by Ishii escalated. This conducted included, but was limited to, Ishii rubbing up against her at the screening area, throwing screening baskets on the floor and require her to pick them up, telling her that he wanted her and another female employee to mud wrestle at his home, patting down Plaintiff down without a legitimate purpose, and pushing Plaintiff into one of the X-ray screening machines. Plaintiff is informed that despite <u>continued complaints by Plaintiff and others</u> to TSA management, Defendants Department of Homeland Security and Transportation Security Administration took <u>no appropriate action to address, correct, or prevent these adverse working conditions of sexual harassment</u>.

As a result of Defendants' inaction, on June 30, 2003, Plaintiff filed a timely written charge of discrimination with the San Francisco office of the Equal Employment Opportunity Commission (EEOC), pursuant to TSA Guidelines, alleging sexual harassment and a hostile work environment. On the same date, Plaintiff made a formal complaint to the Transportation Security Administration ombudsmen and Civil Rights office pursuant to TSA Guidelines.

After Plaintiff's written charge to the TSA ombudsman and Civil rights office, TSA's Human Resources Department finally began conducting <u>a "fact-finding" investigation into Plaintiff allegations of sexual harassment</u>. When four months passed without word from Defendants, Plaintiff decided to file a formal complaint with the EEOC. As a result of Plaintiff filing a formal complaint with the EEOC, Defendants Department of Homeland Security and the TSA were required to conduct <u>a second comprehensive internal investigation</u>, separate and apart from the Human Resources Department "fact-finding" investigation they had begun in June of 2003.

During the TSA Human Resources "fact finding" investigation, 24 TSA employees, all of whom worked with Plaintiff during the time of the harassment, where interviewed regarding Plaintiff's claims. During the Department of Homeland Security/TSA "internal investigation," in addition to the information provided through interviews, Defendants also obtained sworn affidavits and/or signed declarations regarding Plaintiff's allegations from 15 TSA employees. Defendants have provided some, but not all of the statements and affidavits taken. Defendants have produced Plaintiff's complaints, but have not produced any of the complaints and/or reports made by other employees.

- 3 -

On January 23, 2004, almost eight months after Plaintiff's initial written charge of discrimination, the TSA Human Resources department finally completed its "fact finding" investigation, <u>sustaining three of Plaintiff's factual allegations against Ishii</u>. Specifically, it was established that Ishii grabbed and held Plaintiff by her arms at a check point during a verbal disagreement about the cancellation of breaks; that Ishii grabbed Plaintiff and attempted to push her into an X-ray screening machine; and that Ishii was heard inviting other female employees on romantic vacations. On April 9, 2005, almost eighteen months after Plaintiff's formal complaint to the TSA, the Department of Homeland Security and the TSA completed their "internal investigation" of Plaintiff's allegations. Plaintiff believes that Ishii may have been reprimanded, and possibly suspended, for his inappropriate conduct towards Plaintiff, and other female TSA employees, as well as altering Plaintiff's timecard without permission. Ultimately, Ishii separated from his employment with TSA.

To date, Defendants have not provided Plaintiff with any of the documents underlying the TSA's sustaining of the factual allegations. Defendant has not informed Plaintiff of any actions taken against Ishii in response to the conclusions reached during the TSA "fact finding" investigation or the Department of Homeland Security's "internal investigation." In addition, Defendant has not provided Plaintiff with any information regarding other employees' complainants (including, but not limited to, the complaint by Christina Arellano) of the same sexually harassing, discriminatory, and retaliatory conduct by Ishii, including how any of those complaints were handled and resolved.

### B. Standard for Relevance

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." As a general matter, "relevance" for discovery purposes is broadly construed, and "information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." (Fed. R. Civ. P. 26(b)(1); see, e.g., *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) ["The scope of examination permitted under Rule 26 (b) is broader than that permitted at trial."] (internal quotation marks omitted).) Courts have long held that pretrial discovery is "to be accorded a broad and liberal treatment." (*Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ["No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from

- 4 -

inquiring into the facts underlying his opponent's case"].) Further, a district court "has wide latitude n controlling discovery, and its rulings will not be overturned in absence of a clear abuse of discretion." (*White v. City of San Diego*, 605 F.2d 455, 461 (9th Cir.1979) (internal quotations omitted).)

Given this standard, and as explained below, the relevance of the requested documents listed in the Stipulation and Proposed Protective Order is obvious and beyond dispute.

## C. Relevance of Documents to This Case

Information regarding other complaints against a harasser is relevant and reasonably calculated to lead to the discovery of admissible evidence in employment suit, and thus employer's relevancy objections should be overruled. (*Owens v. Sprint/United Management Co.* (D. Kan. 2004) 221 F.R.D. 649; see also *Jhirad v. TD Securities USA, Inc.* (S.D. N.Y. 2003) 2003 WL 1872654.) This is because evidence of other complaints may establish that the conduct in question was sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create an abusive working environment, thereby establishing sexual harassment hostile work environment. (See generally *Meritor Sav. Bank, FSB v. Vinson* (1986) 477 U.S. 57, 67.) In addition, evidence of sexual harassment towards employees other than Plaintiff is relevant to claims of gender-based employment discrimination because hostility against women may underlie employment decisions because of their gender. (See *E.E.O.C. v. Farmer Bros. Co.* (9th Cir. 1994) 31 F.3d 891, 898.)

Here, the categories of documents requested, as itemized in the Stipulation and Proposed Protective Order, are directly relevant to the Plaintiff's claims of hostile work environment sexual harassment, gender discrimination, and retaliation in this case. (*Owens, supra*, 221 F.R.D. 649; see also *Jhirad v. TD Securities USA, Inc., supra*, at *3; see generally *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. at 67; see *E.E.O.C. v. Farmer Bros. Co.*, supra, 31 F.3d at 898.) The documents requested include documents related to all complaints of sexual harassment and discrimination made against the harasser Ishii (including those made by Plaintiff, as well as other employees, such as Christina Arellano), investigations into those complaints, and any discipline imposed on Ishii – including suspension and/or termination – as a result of those complaints.

The documents at issue will assist Plaintiff with establishing (1) how many other women were complaining about Ishii's conduct, and therefore how pervasive it was, (2) how severe Ishii's conduct

was and thus what level of discipline – if any – was warranted and imposed, (3) how women were treated disparately by Ishii; and (4) the timing of Plaintiff's and others' reports and any discipline imposed on Ishii for purposes of establishing retaliation. Plaintiff must obtain these documents in order to establish her claims of sexual harassment hostile work environment, discrimination, and retaliation, as well as to refute any affirmative defense Defendants may assert. (*Ibid.*) For these reasons, the documents ought to be produced.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, except for matters which are therein stated upon my information and belief, and as to those matters, I believe them to be true.

Executed this 7th day of June 2010, at Sacramento, California.

/s/Jennifer S. Gregory
Jennifer S. Gregory

# CERTIFICATE OF SERVICE

I, Sharon Silva, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On June 7, 2010, I served the following document(s) on the parties in the within action:

**DECLARATION OF JENNIFER S. GREGORY REGARDING SERVICE OF STIPULATION AND PROPOSED ORDER, AND ORDER, ON LOREN ISHII AND CHRISTINA ARRELLANO, AS WELL AS RELEVANCE OF DOCUMENTS SUBJECT TO PRIVACY ACT PROTECTION**

| X | **VIA ELECTRONIC SERVICE:** The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

| | |
|---|---|
| Jason Ehrlinspiel<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814 | Attorneys for Defendants |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on June 7, 2010.

By: /s/ Sharon Silva
Sharon Silva

- 7 -

DECLARATION OF JENNIFER S. GREGORY REGARDING SERVICE OF STIPULATION AND PROPOSED ORDER, AND ORDER, AND RELEVANCE OF DOCUMENTS SUBJECT TO PROTECTIVE ORDER

# EXHIBIT A

Law Firm:  Ellis, Coleman, Poirier, LaVoie & Steinheimer, LLP
Address:   555 University Avenue, Suite 200 East
CSZ:       Sacramento, CA 95825
Phone:     916-283-8820
Fax:       916-283-8821
Representing:

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CASE NO.: 09-CV-01292 JAM-EFB

### AFFIDAVIT OF SERVICE

Jennifer Zamora

      Plaintiff/Petitioner,

vs.

Janet Napolitano, Secretary of
the Deapartment of Homeland
Security; et al

      Defendant/Respondent.
_____/

Received by **Capital Process** on 05/14/2010 at 03:00 PM to be served upon:

**Loren Ishii**

    ss.

I, Jenice Rossner, depose and say that:

On 05/24/2010 at 04:00 PM, I served the within **Stipulation and [Proposed] Protective Order; Court Oder of 5/4/2010** on **Loren Ishii** at **4590 S. River Road, West Sacramento, CA 95691** in the manner indicated below:

          Left documents in screen door. Mailed copy of documents to Loren Ishii.

I declare under penalties of perjury under the laws of the United States Of America that the foregoing is true and correct.

          x _Jenice Rossner_ 6/3/10
          Jenice Rossner - 98-02
          Capital Process
          3104 'O' Street, #230
          Sacramento, CA 95816
          916.247.7990
          Atty File#:  - Our File# 4077



EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CASE NO.: 09-CV-01292 JAM-EFB

DECLARATION OF DILIGENCE

Jennifer Zamora

vs.

Janet Napolitano, Secretary of
the Deapartment of Homeland
Security; et al
_____ /

I, **Jenice Rossner**, depose and say that:

I received the within **Stipulation and [Proposed] Protective Order; Court Oder of 5/4/2010** on 05/14/2010 at 03:00 PM to be served upon:

**Loren Ishii**

After a due and diligent effort, I have been unable to effect personal service upon

**Loren Ishii**

The following attempts at service were made:

11 visits to **Loren Ishii at 4590 S. River Road , West Sacramento, CA 95691**:

| DATE &TIME | | REMARKS: |
|---|---|---|
| 05/14/2010-06:10 PM | No answer at residence. | |
| 05/15/2010-08:15 AM | No answer at residence. | |
| 05/16/2010-03:12 PM | No answer at residence. | |
| 05/17/2010-08:06 PM | No answer at residence. | |
| 05/18/2010-10:15 AM | No answer at residence. | |
| 05/19/2010-07:10 AM | No answer at residence. | |
| 05/20/2010-04:13 PM | No answer at residence. | |
| 05/21/2010-07:19 PM | No answer at residence. | |
| 05/22/2010-09:47 AM | No answer at residence. | |
| 05/23/2010-01:26 PM | No answer at residence. | |
| 05/24/2010-04:00 PM | No answer at residence. Left copy of documents in screen door. | |

**Left documents in screen door. Mailed copy of documents to Loren Ishii.**

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

x _Jenice Rossner_  6/3/10
Jenice Rossner - 98-02
Capital Process

# EXHIBIT B

| Law Firm: | Ellis, Coleman, Poirier, LaVoie & Steinheimer, LLP |
| Address: | 555 University Avenue, Suite 200 East |
| CSZ: | Sacramento, CA 95825 |
| Phone: | 916-283-8820 |
| Fax: | 916-283-8821 |
| Representing: | |

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CASE NO.: 09-CV-01292 JAM-EFB

### AFFIDAVIT OF SERVICE

Jennifer Zamora

    Plaintiff/Petitioner,

vs.

Janet Napolitano, Secretary of
the Deapartment of Homeland
Security; et al

    Defendant/Respondent.
_____/

Received by Capital Process on 05/14/2010 at 03:00 PM to be served upon:

Christina Arrellano

    ss.

I, Jenice Rossner, depose and say that:

On 05/24/2010 at 04:38 PM, I served the within Stipulation and [Proposed] Protective Order; Court Oder of 5/4/2010 on Christina Arrellano at 8020 Otium Way, Antelope, CA 95843 in the manner indicated below:

    Taped copy of documents to front door. Mailed a copy of the documents to Christina Arrellano.

I declare under penalties of perjury under the laws of the United States Of America that the foregoing is true and correct.

x_Jenice Rossner_ 6/3/10
Jenice Rossner - 98-02
Capital Process
3104 O Street, #230
Sacramento, CA 95816
916.247.7990
Atty File#: - Our File# 4078



EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CASE NO.: 09-CV-01292 JAM-EFB

DECLARATION OF DILIGENCE

Jennifer Zamora

vs.

Janet Napolitano, Secretary of
the Deapartment of Homeland
Security; et al
_____/

I, Jenice Rossner, depose and say that:

I received the within Stipulation and [Proposed] Protective Order; Court Oder of 5/4/2010 on 05/14/2010 at 03:00 PM to be served upon:

Christina Arrellano

After a due and diligent effort, I have been unable to effect personal service upon

Christina Arrellano

The following attempts at service were made:

11 visits to Christina Arrellano at 8020 Otium Way , Antelope, CA 95843:

| DATE &TIME | REMARKS: |
|---|---|
| 05/14/2010-07:32 PM | No answer at residence. Non running cars in driveway |
| 05/15/2010-07:25 AM | No answer at residence. |
| 05/16/2010-04:24 PM | No answer at residence. |
| 05/17/2010-08:49 PM | No answer at residence. |
| 05/18/2010-09:24 AM | No answer at residence. |
| 05/19/2010-06:35 AM | No answer at residence. |
| 05/20/2010-05:03 PM | No answer at residence. |
| 05/21/2010-06:24 PM | No answer at residence. |
| 05/22/2010-08:12 AM | No answer at residence. |
| 05/23/2010-02:09 PM | No answer at residence. |
| 05/24/2010-04:38 PM | No answer at residence. Taped copy of documents to front door. |

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

x _Jenice Rossner_  6/3/10
Jenice Rossner - 98-02
Capital Process

# EXHIBIT C

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I, Sharon Silva, declare: |
| 3 | I am a citizen of the United States, am over the age of eighteen years, and am not a party to or |
| 4 | interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, |
| 5 | Sacramento, CA 95825. |
| 6 | On May 18, 2010, I served the following document(s) on the parties in the within action: |
| 7 | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER; COURT ORDER OF 5/4/2010** |

| | |
|---|---|
| X | **BY CERTIFIED MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |

| | |
|---|---|
| Christina Arrellano<br>8020 Otium Way<br>Antelope, CA 95843 | Loren Ishii<br>4590 South River Road<br>West Sacramento, CA 95691 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on May 18, 2010.

By: _____
Sharon Silva



PROOF OF SERVICE