IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JENNIFER ZAMORA,

      Plaintiff,

vs.

JANET NAPOLITANO, et al.,

      Defendants.

      No. CIV S-09-1292 JAM EFB

<u>ORDER</u>

      On April 29, 2010, the parties submitted a stipulation and proposed protective order. Dckt. No. 39. The proposed protective order seeks to limit the disclosure of certain requested information and seeks a court order pursuant to 5 U.S.C. § 552a(b)(11) authorizing the disclosure of information that may be protected by the Privacy Act. *See* Dckt. No. 39 at 4 ("Upon approval of this Stipulation and Protective Order, under the authority of the Court conferred by Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 552a(b)(11), such production will not be contrary to the Privacy Act."). Among the requested information sought to be covered by the protective order and the order under § 552a(b)(11) are documents contained within former defendant Loren Ishii's personnel and disciplinary files and documents

////

////

1

regarding former Transportation Security Administration ("TSA") employee Christina Arellano.[1] *Id*. at 2-3.

On May 4, 2010, the undersigned held a hearing in chambers regarding the stipulation and proposed protective order, and on May 5, 2010, issued an order addressing the matters discussed at the hearing. Dckt. Nos. 41, 42. The May 5 order noted that § 552a(b) provides: "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be – . . . (11) pursuant to the order of a court of competent jurisdiction . . . ." The May 5 order further noted that although neither § 552a nor its legislative history specifies the standards for issuance of a court order under § 552a(b)(11), courts issuing such orders typically do so only upon a finding that the documents to be disclosed are relevant, that the need for the relevant information outweighs the potential harm to the subject whose privacy is at issue, and often also impose a requirement that the individual being affected by the disclosure be given notice. Dckt. No. 42 (citing *Laxalt v. McClatchy*, 809 F.2d 885, 889, 890 (D.C. Cir. 1987) ("Procedurally, then, when the District Court considers a request for a Privacy Act order in the discovery context it must consider the use of protective orders and the possibility of in camera inspection. It should also consider, in its discretion, the wisdom of notifying the affected parties."); *Hassan v. United States,* 2006 WL 681038, at *2 (W.D. Wash. Mar. 15, 2006) ("Even where information is subject to the protections of the Privacy Act of 1974, 'a party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, the test of discoverability is the relevance standard of Rule 26(b)(1) of the [Federal Rules of Civil Procedure].'"); *Perry v. State Farm Fire & Cas. Co.,*

---

[1] The document requests addressed in the proposed protective order also seek information from other "TSA employees." However, at the May 4 hearing, defendants' counsel indicated that the responsive documents only implicate Privacy Act concerns regarding Ishii and Arellano.

734 F.2d 1441, 1447 (1984) ("Under 5 U.S.C.A. § 552a(b), government agencies can release information about individuals only under certain circumstances. Release is allowed when a court of competent jurisdiction so orders . . . . Requests for court orders under § 552a(b)(11) should be evaluated by balancing the need for the disclosure against the potential harm to the subject of the disclosure.")).

The May 5 order therefore stated that the proposed order would not be signed until notice was provided to Ishii and Arellano, and until a showing of relevance was made.[2] Specifically, the order noted that although many of the document requests addressed in the proposed protective order appeared relevant to plaintiff's claims, because the proposed protective order did not address the relevance of the requests at issue, it was impossible for the court to discern, without further information, whether the documents that would be responsive to those requests and that would be covered by the Privacy Act, are in fact relevant. The May 5 order also noted that the proposed protective order did not indicate whether either Ishii or Arellano was provided notice of the document requests at issue or the parties' proposed protective order seeking an order under § 552a(b)(11).[3]

Accordingly, the May 5 order directed plaintiff to serve, on or before May 24, 2010, a copy of the parties' proposed protective order, Dckt. No. 39, as well as a copy of the May 5 order, on both Ishii and Arellano. The order provided that if either Ishii or Arellano opposed the court's approval of the proposed protective order, including the order for disclosure of documents under § 552a(b)(11), he or she could file an opposition to that proposed protective order on or before June 7, 2010. The order further directed plaintiff to file a declaration

---

[2] At the May 4 hearing, the court indicated that it would consider issuing the protective order portion of the parties' filing at this time, and address the § 552a(b)(11) portion of the filing once the relevance and notice issues discussed below are addressed. However, the parties indicated at the hearing that it would be more prudent for the court to address the matters at the same time.

[3] At the May 4 hearing, defendants' counsel indicated that Ishii was aware of the proposed protective order and the document requests at issue, but counsel for plaintiff and defendants both acknowledged that Arellano had not received any notice in this action.

3

1  indicating her efforts to effect service on Ishii and Arellano and addressing the relevance of the
2  document requests covered by the proposed protective order.

3      Finally, the May 5 order stated that because plaintiff's counsel indicated at the May 4
4  hearing that plaintiff intended to withdraw her currently pending motion to compel defendants to
5  produce documents upon the court's approval of the proposed protective order, the hearing on
6  that motion to compel was continued to June 23, 2010.  The May 5 order provided that if no
7  opposition was filed by Ishii or Arellano on or before June 7, 2010, the hearing on the motion
8  would be vacated and the matter would be submitted for decision together with the stipulated
9  request for a protective order.

10      On June 7, 2010, plaintiff filed a declaration indicating that plaintiff's process server
11  made several attempts to personally serve Ishii and Arellano with both the proposed protective
12  order and the May 5 order, using the last known addresses provided by defendants' counsel, and
13  that after a diligent effort, ultimately attached the documents to the front doors of each of those
14  residences and also mailed copies to both Ishii and Arellano. Dckt. No. 43.  However, the
15  docket reveals that neither has filed an opposition to the proposed protective order.
16  Additionally, the June 7, 2010 declaration establishes that the documents sought are relevant to
17  plaintiff's claims in this action.  Moreover, there is no evidence before the court to indicate that
18  their release would result in harm that would outweigh the need for the information.
19  Accordingly, the proposed protective order, which is attached as Exhibit 1 hereto, is approved.
20  Further, in light of plaintiff's counsel's representation at the May 4 hearing that she would
21  withdraw the motion to compel upon the court's approval of the protective order, the motion to
22  compel currently set for hearing on June 23, 2010 is deemed withdrawn and the hearing thereon
23  is vacated.

24      Accordingly, IT IS ORDERED that:

25      1.  The parties' stipulated protective order, Dckt. No. 39, which is attached as Exhibit 1
26  hereto, is approved; and

4

2. Plaintiff's motion to compel defendants to produce documents, Dckt. No. 38, is deemed withdrawn.

DATED: June 22, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT 1

**STIPULATION AND PROTECTIVE ORDER**

Plaintiff has requested the production of documents from the Transportation Security Administration ("TSA"). Some of the documents responsive to Plaintiff's request may be subject to the restrictions of the Privacy Act. After discussions among counsel, the parties have stipulate as follows:

1) In response to the document requests and interrogatories served by Plaintiff, the TSA may produce the non-privileged documents responsive to Plaintiff's discovery request subject to the terms of this Order. Specifically, Plaintiff requests the following categories of non-privileged the production of the following documents:

    I. *Any and all DOCUMENTS contained within Loren Ishii's personnel File.*

    ii. *Any and all DOCUMENTS contained within Loren Ishii's disciplinary file, including, but not limited to, any and all DOCUMENTS reflecting discipline of Loren Ishii.*

    iii. *All DOCUMENTS that refer to or otherwise relate to any disciplinary action taken against Loren Ishii for sexual harassment.*

    iv. *All DOCUMENTS that refer to or otherwise relate to any disciplinary action taken against Loren Ishii for discrimination.*

    v. *All DOCUMENTS that refer to or otherwise relate to any disciplinary action taken against Loren Ishii for workplace violence.*

    vi. *All DOCUMENTS that refer to or otherwise relate to any investigation by any agency other than TSA regarding Loren Ishii.*

vii. *Any and all DOCUMENTS relating to Loren Ishii's employment history, both prior to and after his employment with TSA.*

viii. *All DOCUMENTS that refer to or otherwise relate to complaints by any TSA employee which involves PLAINTIFF.*

ix. *All DOCUMENTS that refer to or otherwise relate to incidents of sexual harassment reported by any TSA employee which involves PLAINTIFF.*

x. *All DOCUMENTS that refer to or otherwise relate to incidents of discrimination reported by any TSA employee which involves PLAINTIFF.*

xi. *All DOCUMENTS that refer to or otherwise relate to incidents of sexual harassment reported by any TSA employee which involves Loren Ishii.*

xii. *All DOCUMENTS that refer to or otherwise relate to incidents of discrimination reported by any TSA employee which involves Loren Ishii.*

xiii. *All DOCUMENTS that refer to or otherwise relate to any investigations conducted in response to any complaint and/or report of incident(s) made against Loren Ishii.*

xiv. *All DOCUMENTS that refer to or otherwise relate to the cessation of Loren Ishii's employment with TSA.*

xv. *All DOCUMENTS that refer to or otherwise relate to Loren Ishii's work Schedule between November 2002 and August 2003.*

xvi. *All DOCUMENTS that refer to or otherwise relate to Loren Ishii's attendance at work between November 2002 and August 2003.*

    xvii. *Any and all DOCUMENTS relating to complaints made by Christina Arellano against Loren Ishii.*

    xviii. *All DOCUMENTS that refer to or otherwise relate to any and all investigations conducted in response to complaints made by Christina Arellano against and Loren Ishii.*

    xix. *Any and all DOCUMENTS that reflect any communications, whether written or oral, between any TSA employee and TSA that is in any way related to Loren Ishii.*

    xx. *Any and all DOCUMENTS, including hand written notes, related to interviews of TSA employees conducted for the investigation report authored by James Herbert, dated January 23, 2004.*

  To the extent to which non-privileged documents responsive to the above requests exists which may be subject to the Privacy Act, the documents will be labeled with a Bates No. Designation "US PRIV ********." Upon approval of this Stipulation and Protective Order, under the authority of the Court conferred by Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 552a(b)(11), such production will not be contrary to the Privacy Act.

  2) Documents labeled "US PRIV" and produced by the TSA to Plaintiff shall be held in confidence by counsel for Ms. Zamora. Unless otherwise agreed by counsel or Ordered by the Court such documents may be used only for the purpose of this litigation, and all copies will be destroyed or returned at the termination of this case. Documents produced by the TSA to Ms. Zamora shall be made available only to her counsel, member's of counsel's law firm, such as paralegals and assistants, as well as consultants, experts and advisors of counsel, who are assisting in the litigation, and Ms. Zamora herself.

1       3)       All persons having access to the documents produced under this Stipulation and Order will first agree not to further disclose the documents, or the information they contain, other than in conformance with this Protective Order (or such further Order as the Court may enter), or the provisions of the Privacy Act, 5 U.S.C. § 552a(b).  Each person who has been granted access to the documents will evidence such agreement by executing an Acknowledgment of Stipulation and Protective Order and serving all counsel.  A sample Acknowledgment has been attached hereto as Exhibit "A."

      4)       In the event that one or more of the parties uses a document subject to this Stipulation and Protective Order as evidence in a deposition or other discovery proceeding in this case, that portion of the deposition or other discovery proceeding shall be subject to this Protective Order, unless the Court first enters an Order modifying the limitations on further disclosure of the document.

      5)       At the time set by the Local Rules for the exchange of trial exhibit lists, counsel for Plaintiff shall identify such of their proposed exhibits as may then be subject to this Stipulation and Protective Order.  This identification may be made on the trial exhibit list itself.  Thereafter, the exhibit may be entered in evidence unless the Court, upon application by counsel for Defendants, shall enter an Order limiting its use.

Respectfully submitted by,

ELLIS COLEMAN POIRIER LA VOIE
& STEINHEIMER LLP.

Dated: April 29, 2010       By:     */s/ Jennifer S. Gregory*
                                    JENNIFER S. GREGORY
                                    ELLIS COLEMAN POIRIER LA VOIE &
                                    STEINHEIMER LLP.
                                    Attorneys for Plaintiff, Jennifer Zamora

////

////

////

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | Respectfully submitted by, |
| 2 |   |   | BENJAMIN B. WAGNER<br>United States Attorney |
| 4 | Dated: April 29, 2010 | By: | _/s/ Jason Ehrlinspiel_<br>JASON EHRLINSPIEL<br>Assistant United States Attorney<br>Attorneys for Defendants;  JANET NAPOLITANO, SECRETARY OF THE DEPT. OF HOMELAND SECURITY; GALE ROSSIDES, ASSIST. SECRETARY, ACTING ADMIN. OF THE TRANSPORTATION SECURITY ADMINISTRATION; and THE UNITED STATES OF AMERICA |

**IT IS SO ORDERED**.

DATED: June 21, 2010

_[signature]_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11

**EXHIBIT A:**

<u>ACKNOWLEDGMENT OF STIPULATION AND PROTECTIVE ORDER</u>

I, _____, hereby acknowledge, under penalty of perjury, that I have read the above Stipulation and Protective Order. I am familiar with the specific terms of the Stipulation and Protective Order and agree to be bound by its terms. I further understand that I am subject to the contempt powers of this Court for violation of the Stipulation and Protective Order.

_____

Date: _____