Mark E. Ellis - 127159
Ronald R. Poirier - 175511
Teresa L. Zuber - 164213
ELLIS, LaVOIE, POIRIER, STEINHEIMER & McGEE LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
rpoirier@ellislawgrp.com
tzuber@ellislawgrp.com

Attorneys for
PLAINTIFF JENNIFER ZAMORA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER ZAMORA,<br><br>    Plaintiff,,<br><br>v.<br><br>JANET NAPOLITANO, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; GALE ROSSIDES, ASSISTANT SECRETARY/ACTING ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION; LOREN ISHII; and DOES 1-20,<br><br>    Defendants. | Case No.: 2:09-CV-1292-JAM-EFB<br><br>**DECLARATION OF JENNIFER S. GREGORY IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE DISCOVERY**<br><br>DATE: January 6, 2011<br>TIME: 1:30 p.m.<br>DEPT: Courtroom 6 |

I, Jennifer S. Gregory, declare:

1.    I am currently a Deputy Attorney General III with the California Department of Justice, Office of the Attorney General, Bureau of Medi-Cal Fraud and Elder Abuse. From May 2008 through to September 2, 2010, I was an associate attorney with the firm of Ellis, LaVoie, Poirier, Steinheimer & McGee, LLP, attorneys of record for Plaintiff Jennifer Zamora. At that time, I was co-counsel in the case on behalf of Plaintiff. The facts stated below are true and correct and based upon my own personal knowledge. If called as a witness I could and would competently testify thereto.
- 1 -

DECLARATION OF JENNIFER S. GREGORY IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE DISCOVERY

2. Attached hereto as **Exhibit 35**, and incorporated herein as though fully set forth, is a true and correct copy of email communications between Jason Ehrlinspiel, Assistant U.S. Attorney for Defendant, Janet Napolitano, Secretary of the Department of Homeland Security, and me dating from March 29, 2010, through April 19, 2010. **Page 6** of the email chain is a March 29, 2010, email I sent to Mr. Ehrlinspiel stating that after our meet and confer on the issue of documents the DHS had withheld pursuant to a claim of privilege under the Privacy Act, Plaintiff intended to move to compel all documents related to the investigation of Plaintiff's complaints of harassment, discrimination and/or retaliation made by other employees against TSA supervisory employee Loren Ishii.

3. On April 16, 2010, **at pages 2 and 3** of **Exh. 35**, I set forth with specificity Plaintiff's position on documents the DHS withheld pursuant to an alleged privilege, and set forth specific documents Plaintiff believed she was entitled to:

> "Further, there are several documents contained in Defendant's privilege log that we believe we are entitled to that are not protected by the asserted attorney-client privilege or the deliberative process privilege. First, many of the documents for which you claim attorney-client privilege do not pertain to confidential communications with an attorney. Second, most, the "deliberative process" privilege does not apply to most, if not all, of the documents to which you assert the privilege because the documents in question are unrelated to the probing of the mental processes of an executive decision-maker. Thus, in addition to the documents related to Mr. Ishii and other complainants/complaints described above, we are also entitled to:
> 1. **All of the notes prepared by Lisa Nash-Durham and James Herbert during their interviews regarding Ms. Zamora (on pages 6 through 8 of Defendant's privilege log); these documents are not part of the deliberative process.**
> 2. 9/8/2002-8/24/2003 work schedules for Ms. Zamora and Mr. Ishii; these documents are not protected whatsoever by attorney-client or attorney work-product privileges.
> 3. May 2003 Emails between Teresa Arellano and Mr. Ishii; these documents are not part of the deliberative process;
> 4. 1/13/2004 email from William Wade to James Herbert; this email is not protected by the attorney-client privilege."

**[emphasis added]**

4. By email response dated April 19, 2010, **pages 1 and 2 of Exh. 35**, Mr. Ehrlinspiel set forth the language of the Privacy Act, and in response to Plaintiff's request for documents the DHS alleges are protected by the "deliberative process", he responded: **"I will address your issues regarding the privileged documents by separate correspondence."**

5. On April 27, 2010, I again requested of Mr. Ehrlinspiel that he address the issue of the documents being withheld which the DHS asserted were protected by the "deliberative process"

- 2 -

privilege: **"Also, on April 19, you indicated you would address my concerns regarding the documents withheld to privilege in separate correspondence. I don't think I've seen that correspondence?"** In an email response of April 28, 2010, Mr. Ehrlinspiel replied: **"I am reviewing your other discovery concerns and will respond shortly."** Attached hereto as **Exhibit 36**, and incorporated herein as though fully set forth is a true and correct copy of the email correspondence between me and Mr. Ehrlinspiel dated April 27, 28, 2010.

6. On May 4, 2010, Mr. Ehrlinspiel and I appeared before the Court to discuss the Stipulation and Protective Order we filed. During our conversation with the Court in chambers, I indicated that there were documents Plaintiff sought that Defendant withheld pursuant to privilege as itemized on Defendant's Privilege Log (**Exh. 3**). I stated that I had initiated a meet and confer with Mr. Ehrlinspiel regarding those privileged documents, and that he had promised me a response to my concerns in that regard, but I had yet to hear back from him. In response and before the Court, Mr. Ehrlinspiel again stated that he would provide me with his separate response in that regard shortly. I never received his response.

7. Thereafter, and pursuant to Orders of this Court dated May 5, 2010, **Dkt. No. 42** and June 22, 2010, **Dkt. No. 44,** I was engaged with Mr. Ehrlinspiel in obtaining a Protective Order so that Plaintiff could secure the files relating to investigations into the actions of Supervisory TSA employee Loren Ishii as to Plaintiff, Ms. Christine Arellano and others. Having heard nothing back from Mr. Ehrlinspiel regarding the documents withheld to privilege other than the Privacy Act, by email dated June 3, 2010, for the third time I requested that he respond to my concerns as to all such documents. Attached hereto as **Exhibit 37,** and incorporated herein as though fully set forth, is a true and correct copy of my email to Mr. Ehrlinspiel dated June 3, 2010.

8. My last day as an associate with the offices of Ellis, LaVoie, Poirier, Steinheimer & McGee, was September 2, 2010. Up to that date, Defendant had failed to address or respond substantively to Plaintiff's expressed concerns over documents withheld on the grounds of "deliberative process" or any other privilege.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, except for matters which are therein stated upon my information and belief, and as to

those matters, I believe them to be true. Executed this ____ day of January, 2011, at Sacramento, California.

By _____
    Jennifer S. Gregory

- 4 -

*DECLARATION OF JENNIFER S. GREGORY IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE DISCOVERY*