IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JENNIFER ZAMORA,

        Plaintiff,                  No. CIV S-09-1292 JAM EFB

      vs.

JANET NAPOLITANO, et al.,

        Defendants.             <u>ORDER</u>

                                   /

       On February 23, 2011, the court heard plaintiff's motion to compel discovery responses from defendant Janet Napolitano, Secretary of the Department of Homeland Security ("defendant").  Dckt. Nos. 97, 132.  Specifically, plaintiff seeks (1) to compel production of documents listed in defendant's privilege logs; (2) to compel further responses to requests for production of documents; (3) to compel further responses to interrogatories; (4) to conduct additional depositions; (5) to re-open previously conducted depositions; (6) to compel further responses to requests for admission; and (7) reimbursement of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5).  *Id.*  Attorneys Mark Ellis and Ronald Poirier appeared on behalf of plaintiff; attorney Jason Ehrlinspiel appeared on behalf of defendant.

////

////

1

For the reasons stated on the record, the motion to compel, Dckt. No. 97, is granted in part and denied in part, as follows:

(1)  Plaintiff's motion to compel production of documents listed in defendant's privilege logs is granted in part and denied in part.  On or before 5:00 p.m. on Monday, February 28, 2011, defendant shall review the documents discussed at the hearing (entry numbers 4, 7, 12, 28, 38, 75, 120, 121, 124, and 131 on plaintiff's exhibit 39, Dckt. No. 133), and shall provide to plaintiff redacted versions of those documents and/or more detailed descriptions of the documents in an amended privilege log.  If, after reviewing the redacted documents and/or revised privilege log, plaintiff contends that specific documents do not appear to be privileged and therefore should be submitted to the court for in camera review, plaintiff shall file a notice of further challenge to defendant's privilege log identifying which documents should be reviewed by the court.  Such notice shall be filed on or before 5:00 p.m. on Wednesday, March 2.  If plaintiff identifies any such documents, defendant shall submit those documents to chambers on or before 5:00 p.m. on Friday, March 4 for in camera review.[1]

(2)  Plaintiff's motion to compel further responses to requests for production of documents is granted in part and denied in part.  On or before March 4, 2011, defendant (or a representative thereof) shall provide a certification to plaintiff under penalty of perjury that, to the best of the certifier's knowledge, information, and belief formed after a reasonable inquiry, the responses to requests for production numbers 17, 25, 31, 32, 40, 41, 43, 44, 51, and 82 are accurate and complete.

(3)  Plaintiff's motion to compel further responses to interrogatories is granted in part and denied in part.  On or before March 4, 2011, defendant shall provide further responses to interrogatory numbers 4, 5, 7, 9, 13, 15, and 19, and defendant (or a representative thereof) shall

---

[1]  Although defendant was instructed at the hearing to file such documents under seal, because the documents will be submitted for in camera review only, they should be submitted to chambers and not filed under seal.

certify under penalty of perjury that, to the best of the certifier's knowledge, information, and belief formed after a reasonable inquiry, the responses to those interrogatories are accurate and complete.

(4)  Plaintiff's motion to conduct additional depositions is granted in part and denied in part.  As discussed at the hearing, plaintiff is granted three additional depositions of four hours each.

(5)  Plaintiff's motion to re-open previously conducted depositions is granted in part and denied in part.  Plaintiff is entitled to re-depose Lucius Angell for one additional hour.

(6)  Plaintiff's motion to compel further responses to requests for admission is denied.

(7)  Plaintiff's request for reimbursement of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) is denied.

Additionally, plaintiff's application to file exhibits 59 and 66 under seal, Dckt. No. 130, is denied as unnecessary.

SO ORDERED.

DATED:  February 24, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE