IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JENNIFER ZAMORA,

        Plaintiff,                      No. CIV S-09-1292 JAM EFB

     vs.

JANET NAPOLITANO, et al.,

                                    ORDER

        Defendants.
                                /

On February 24, 2011, the court issued an order granting in part and denying in part plaintiff's motion to compel discovery responses from defendant Janet Napolitano, Secretary of the Department of Homeland Security ("defendant"). Dckt. No. 135. Specifically, plaintiff's motion to compel documents listed in defendant's privilege logs was granted in part and denied in part. The order provided that defendant was to "review the documents discussed at the hearing (entry numbers 4, 7, 12, 28, 38, 75, 120, 121, 124, and 131 on plaintiff's exhibit 39, Dckt. No. 133)," and "provide to plaintiff redacted versions of those documents and/or more detailed descriptions of the documents in an amended privilege log." *Id.* at 2. If plaintiff opined, after reviewing the redacted documents and/or revised privilege log, that specific documents did not appear to be privileged and therefore should be submitted to the court for in camera review, plaintiff was directed to file a notice of further objections to defendant's privilege log identifying

1

which documents should be reviewed by the court. *Id.*

On March 2, 2011, plaintiff filed such a notice, indicating that entry numbers 12 (US_Priv_298), 28 (US_Priv_334), 38 (US_Priv_0354-0355), 120 (US_Priv_0454-0456), 121 (US_Priv_0457-0459), 131 (US_Priv_0583), and 124 (US_Priv_470-473) on plaintiff's exhibit 39, Dckt. No. 133, should be reviewed by the court in camera. Dckt. No. 138. On March 4, 2011, defendant filed a response to plaintiff's notice, indicating that the document referenced in entry number 120 (US_Priv_0454-0456) has been produced without redaction, and explaining why the redacted portions of the remaining documents are privileged. Dckt. No. 139. Defendant also submitted redacted and unredacted versions of each of the documents at issue to the court for in camera review.

The court has carefully reviewed each of the documents submitted for in camera review, as well as the concerns expressed by plaintiff in her March 2 filing and the responses set forth in defendant's March 4 filing, and has determined that all redactions to the documents at issue are justified by the attorney client privilege (entry number 28), the attorney work product doctrine (entry numbers 12, 28, 38, 121, and 131), and/or the Privacy Act (entry number 124). The court also verified, per plaintiff's request, that the document referenced in entry number 120 (US_Priv_0454-0456) was produced to plaintiff without redaction. Accordingly, plaintiff's motion to compel the production of unredacted versions of those documents, Dckt. Nos. 97 and 132, is denied. The documents submitted for in camera review will be returned to defendant's counsel.

SO ORDERED.

DATED: March 8, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2